**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

| | |
|---|---|
| LILIT GORGINYAN; ARAKSYA NORDIKYAN; SARKIS NORDIKYAN, | No.   16-70048 |
| Petitioners, | Agency Nos.   A095-410-720 |
| | A095-410-721 |
| v. | A077-998-592 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

---

| | |
|---|---|
| SARKIS NORDIKYAN, AKA Zorik Manvelyan, | No.   16-70322 |
| Petitioner, | Agency No. A077-998-592 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022**

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Lilit Gorginyan, Sarkis Nordikyan, and their minor daughter, natives and citizens of Armenia, petition for review of orders of the Board of Immigration Appeals ("BIA") denying their motions to reopen removal proceedings. We review for an abuse of discretion and deny the petitions. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (explaining that the court reviews the denial of a motion to reopen for abuse of discretion and reviews the "determination of legal questions de novo, and factual findings for substantial evidence").

1. A petitioner must generally file a motion to reopen removal proceedings "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). However, this deadline does not apply to a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

2. Petitioners moved to reopen removal proceedings based on an alleged change in country conditions since their removal proceedings. Petitioners argue

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

that the BIA erred in determining that the evidence in support of their motions—increased persecution of journalists and political activists after their initial removal proceedings and in connection with a June 2015 protest over electricity rate hikes—did not demonstrate changed country conditions in Armenia. In support of their motions to reopen, Petitioners submitted Lilit's affidavit, letters from various people in her former village in Armenia, several news articles, and country conditions evidence.[1] The affidavit and articles report that police injured journalists, damaged their equipment, or detained them along with protestors in connection with the June 2015 protest. The country conditions evidence mentions "several incidents of violence toward journalists in connection with citizens' protests," that the "government did not always uphold" the rights of "freedom of speech and press," and that the government did not conduct credible investigations of attacks on journalists.

The BIA reasonably concluded that this evidence did not demonstrate a change in country conditions because it described continuing issues, as illustrated by evidence submitted in support of Lilit's original asylum application, which noted the "arbitrary detention of journalists and harassment of the media" in Armenia, limits on press freedom, and a failure to prosecute incidents of

---

[1] Petitioners assert, without citation, that the BIA was required to accept the "country background documents" as true. This claim lacks merit because there is no indication that the BIA failed to do so.

government retaliation against journalists. The 2002 country reports indicate that the Armenian government's "human rights record remained poor," and details police detention of protestors, and related warrantless searches.

As evidence of changed circumstances, Petitioners also point to incidents of police abuse during arrests, detention, and interrogation. But substantial evidence supports the agency's conclusion that this is not a changed circumstance because the 2001 and 2002 country conditions evidence report similar incidents, and the 2014 country report describes this sort of abuse as "continued." *See Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) ("General references to 'continuing' or 'remaining' problems is not evidence of a *change* in a country's conditions."). The BIA did not abuse its discretion in concluding that Petitioners failed to demonstrate changed country conditions, "the most basic requirement for reopening." *Id.*

3. Petitioners also allege a change in Lilit's personal circumstances. Because "[c]hanged country conditions are always mandatory to a motion to reopen based on 'changed conditions'—even one based on a 'hybrid' claim," *id.*, absent a showing of changed country conditions, a change in a petitioner's personal circumstances is insufficient to justify reopening removal proceedings, *id.* at 1209–11 (explaining that failure to demonstrate changed country conditions is an independent ground upon which the BIA may deny a motion to reopen).

**PETITIONS DENIED.**